UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER JONES,

    Petitioner,

v.                            Case No: 2:19-cv-291-FtM-29NPM
                               Case No. 2:17-CR-114-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84)[1] filed on May 2, 2019. The government filed a Response (Cv. Doc. #7) on May 7, 2019. After appointment of counsel, the Court directed the filing of supplemental briefing. (Cv. Doc. #18.) On August 20, 2019, counsel filed a Supplement to Petitioner's Pro Se Motion (Cv. Doc. #28).

**I.**

On October 11, 2017, a federal grand jury in Fort Myers, Florida returned a two-count[1] Indictment (Cr. Doc. #5) charging

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

[1] Only co-defendant Javier M. Rascon is named in Count One.

petitioner in Count Two with possession of a firearm after having being convicted of two felony offenses. On February 2, 2018, a Writ of Habeas corpus Ad Prosequendum (Cr. Doc. #11) was issued to obtain the petitioner from state custody for an Initial Appearance. On February 21, 2018, petitioner appeared before the Magistrate Judge for an initial appearance and entered a plea of not guilty. (Cr. Doc. #13.) On April 24, 2018, petitioner entered a plea of guilty pursuant to a Plea Agreement (Cr. Doc. #38). (Cr. Doc. #43.) The plea was accepted and sentencing scheduled. (Cr. Docs. ## 46, 74.)

The Presentence Report indicated that the 2016 Sentencing Guidelines for a Total Offense Level of 23 and a Criminal History Category of II placed petitioner in a range of 57 months to 71 months. United States Probation indicated that petitioner was serving a 72 month state prison sentence at the time, which was relevant conduct, and that he was scheduled for release from prison on April 21, 2019. United States Probation recommended that a sentence at the low end of the Guidelines be imposed to be served concurrently to the state sentence. On October 4, 2018, the Court sentenced petitioner to a term of imprisonment of 16 months, followed by a term of supervised release. (Cr. Doc. #78.) Judgment (Cr. Doc. #79) was filed on October 4, 2018, and included the following language "The sentence imposed is the result of an adjustment pursuant to USSG § 5G1.3(b). The sentence imposed was

adjusted downward 41 months as a reduction for a period of imprisonment served in state court that will not be credited by the Bureau of Prisons. It is ordered that the sentence imposed in this criminal case be served concurrent and coterminous with Lee County Circuit Court Docket No.: 13-CF-18722." On February 7, 2019, the Court clarified that petitioner's federal sentence was ordered to run concurrent and coterminous with his state prison sentence pursuant to United States Sentencing Guidelines Manual 5G1.3(b). (Cr. Doc. #82.)

Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the Judgment on October 18, 2018. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

**II.**

Petitioner argues that the Court incorrectly imposed an additional 8 months to his sentence because the Bureau of Prisons declined to credit petitioner for the time from his initial appearance to the sentencing date under 18 U.S.C. § 3585(b) resulting in a sentence that was inconsistent with the Court's intent to have his federal sentence finish at the same time as the state sentence. Petitioner argues that the Court anticipated that the state sentence would expire on April 21, 2019, as stated in the Presentence Report, but without credit for the time from his

initial appearance to the date of sentencing, petitioner states that his release date is now set for December 2019.

The government's arguments regarding jurisdiction were addressed and rejected in the Court's May 10, 2019, Opinion and Order (Doc. #8, p. 3). As to the calculation issue, the government argued that the state did not relinquish custody and control of petitioner to the federal government on the basis of the writ of Habeas Corpus ad Prosequendum, but rather that petitioner was simply on loan and the federal time did not begin to run. As a result, the government argues that the Bureau of Prisons was correct in its calculation. The government did note: "In short, although the Court may have anticipated or even intended that petitioner's 16-month sentence would be "coterminous" with the state sentence, a sentence of 16 months was not, in fact, coterminous with the State sentence." (Cv. Doc. #7, p. 8.) In the supplement, citing United States v. Gonzalez-Murillo, 852 F.3d 1329, 1338 (11th Cir. 2017), counsel argues that petitioner met the requirements of Section 5G1.3(b), and the Court must have adjusted the sentence properly. Since the Bureau of Prisons has determined that the Court did not do so, petitioner argues that he received the ineffective assistance of counsel when his attorney failed to object to the calculation at sentencing.

Under Section 5G1.3(b) of the Sentencing Guidelines,

> **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> **(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

United States Sentencing Guidelines Manual § 5G1.3(b).[2]  The Bureau of Prisons has exclusive authority to grant credit for time served as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

---

[2] If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (e.g., § 5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.

U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.2(C).

>    **(1)** as a result of the offense for which the sentence was imposed; or
>
>    **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585. "To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(d), rather than as a credit for time served." U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.4(E).

Petitioner does not challenge the determination by the Bureau of Prisons, but impliedly assumes it is correct. Petitioner argues that given this determination, the Court erred in its sentencing calculation and that defense counsel erred in failing to object. The record is clear that the Court intended a concurrent, coterminous sentence. The record is also clear that the sentence as imposed by the Court did not successfully impose such a sentence. Defense counsel failed to object to the Court's error, and this failure was both deficient performance and prejudicial to petitioner. Therefore, the motion is granted.

Defendant is resentenced so as to impose the sentence intended by the Court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84) is **GRANTED.** The criminal judgment will be vacated, and an amended judgment shall issue.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

3. The Judgment in a Criminal Case (Cr. Doc. #79) is **vacated**. The Clerk is directed to enter an amended criminal judgment imposing a term of imprisonment of time served, and otherwise leaving other components of the sentence as originally imposed. The Clerk shall make a notation on the docket that the criminal judgment has been vacated.

4. The Amended Appearance Bond and Order Setting Conditions of Release (Cv. Doc. #26; Cr. Doc. #94) releasing petitioner on conditions pending resolution of the motion is **vacated**.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A COA may issue if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has satisfied this requirement, and prevailed to the extent that the Court has issued an amended criminal judgment to reflect the intended coterminous sentence. 28 U.S.C. § 2253(c)(3). A certificate of appealability is denied since petitioner has obtained relief in the district court.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
AUSA
U.S. Probation